# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| HEATHER MARIE EHA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BRIDGEPOINT EDUCATION, INC.<br>d/b/a ASHFORD UNIVERSITY, LLC,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:17-cv-00096<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes HEATHER MARIE EHA ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of BRIDGEPOINT EDUCATION, INC. d/b/a ASHFORD UNIVERSITY, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 41 year old natural person residing at 831 Ellenberger Parkway East Drive, Indianapolis, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a publicly held, for-profit education services company based in San Diego, California. Defendant owns Ashford University, which is a for-profit university that offers associate's, bachelor's and master's degrees in more than 50 programs. While a majority of students are enrolled in online courses, Ashford's physical campus is located in Clinton, Iowa. Defendant recruits and services students throughout the country, including in Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In the fall of 2016, Plaintiff began receiving calls to her cellular phone, (317) XXX-7961 from Defendant. *See* Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 7961. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. The phone number that Defendant has regularly used to call Plaintiff's cellular phone is (800) 798-0584, but other numbers have been used as well. *See* Exhibit A.

12. Upon information and belief, the phone number ending in 0584 is regularly utilized by Defendant in its solicitation of consumers in Indiana.

13. When Plaintiff answers calls from Defendant, she often experiences a several second pause and has to repeatedly say "hello" before a live representative begins to speak. *Id.*

14. Upon answering Defendant's phone calls, Plaintiff is solicited to take classes through it. *Id.*

15. Plaintiff has no idea how Defendant got her information or cellular phone number, but she did apply to various jobs around that time period and her information may have inadvertently been given to it. *Id.*

16. Shortly after receiving the phone calls from Defendant, Plaintiff spoke with one of its representatives and requested that her information be removed from its call list and to cease contacting her. *Id.*

17. Despite her demands to stop, Defendant has continued to call Plaintiff's cellular phone up until the date of the filing of the present action. *Id.*

18. Plaintiff has told Defendant on numerous occasions to stop contacting her. *Id.*

19. Despite these multiple requests to cease contacting her, Defendant's calls have continued, and it has even called Plaintiff's cellular phone multiple times during the same day. *Id.*

20. Defendant has called Plaintiff's cellular phone approximately 20 times. *Id.*

21. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

22. Frustrated with Defendant's conduct, Plaintiff has expended money purchasing and maintaining an application on her cellular phone to block its numbers. *Id.*

23. Plaintiff has suffered financial loss as a result of Defendant's conduct.

24. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level.

25. Plaintiff has suffered actual harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant used an ATDS in connection with its solicitation communications directed towards Plaintiff. The brief pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is indicative of an ATDS. Similarly, the frequency and nature of Defendant's calls strongly suggests that a predictive ATDS was used to generate the communications.

29. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Even though Plaintiff may have originally filled out an online form granting Defendant permission to call her using an ATDS, she effectively revoked her consent. Plaintiff specifically advised Defendant that she was not interested in furthering her education and demanded that it cease calling her.

30. The calls placed by Defendant to Plaintiff were regarding business solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, HEATHER MARIE EHA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation of Plaintiff.

34. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

35. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

36. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

37. Defendant's solicitation calls towards Plaintiff are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

38. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic harassment, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified that Plaintiff had no interest in its services and wanted to be removed from its call list. Any consent that Defendant *may* have had to contact Plaintiff via an ATDS was explicitly revoked. However, Defendant ignored these prompts in an abusive attempt to have Plaintiff attend classes through Ashford University.

39. Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

40. In violating the TCPA, Defendant engaged in illegal behavior during its solicitation towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

42. Defendant's conduct is part of a purposeful and systematic scheme to illegally solicit unsophisticated consumers who may not be aware of their rights. Defendant's conduct is an incurable deceptive act of which notice would not remedy. By fraudulently and deceptively representing to Plaintiff that it had the ability to contact her in the manner which it did, Defendant displayed complete disregard for her rights.

43. Although unsuccessful, Plaintiff made good-faith attempts to correct Defendant's incurable deceptive acts by demanding that it remove her from its call list and to cease contacting her. The fact that Defendant was provided with multiple notices to stop contacting her and refused to abide by these notices, evidenced by calling Plaintiff approximately 20 times after she told it to stop, shows that Defendant's behavior is incurable.

44. Defendant's conduct is part of a systematic scheme to fraudulently contact consumers in Indiana. Upon information and belief, Defendant conducts the same type of behavior on a wide and frequent basis, which goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy,

both of which are precious. Defendant engages in this exact behavior on a wide basis. It is currently facing numerous lawsuit alleging remarkably similar conduct.

45. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 20 through 25, Plaintiff has suffered numerous damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, HEATHER MARIE EHA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 11, 2016

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com